Judge Mannheimer,
concurring.
I agree with my colleagues that, given the evidence in this case, Brown’s, post-traumatic stress disorder falls within the category of “combat-related” as the legislature understood that phrase when they created mitigator AS 12.55.155(d)(20)(B). I write separately because I question whether the legislature can validly limit the mitigating effects of post-traumatic stress disorder to instances where the disorder is combat-related.
There is .no doubt that our country owes a debt of gratitude to all the men and women who volunteer to serve in the armed forces, and especially to those who are deployed in combat zones. And it is completely proper for the legislature to recognize that , post-traumatic stress disorder can significantly alter a person’s behavior, and that this disorder can mitigate the blameworthiness of criminal conduct.
But I question whether the legislature can validly limit the mitigating effects of PTSD solely to defendants whose disorder arises from military service in combat zones..
■Many people serve our society in occupations that are-fraught with danger. For example, in Kelly v. Alaska Department, of Corrections, 218 P.3d 291 (Alaska 2009), our supreme court dealt with a case where a corrections officer succumbed to post-traumatic stress disorder after an incident in which he was threatened with serious physical injury, and possible death, by an inmate who had been convicted of murder and who was armed with a weapon.
For purposes of assessing a criminal defendant’s degree of blameworthiness, the pertinent questions are whether the defendant’s criminal behavior was significantly influenced by PTSD, and whether the blameworthiness of the defendant’s crime is therefore mitigated. In answering these questions, the origin of-the defendant’s disorder — whether through service in the military, or through service in a police or fire department, or through service as a corrections officer, or otherwise — seems to have no particular relevance. ■ '
The equal protection clause of the Alaska constitution (Article I, Section 1) limits the power of the legislature to draw distinctions among groups of people, by requiring equal treatment of people who are similarly situated.
In AS 12.55.155(d)(20)(B), the legislature has taken the group of defendants, whose behavior was affected by PTSD and divided them into two groups — those whose PTSD *196 arises from military service in a combat zone, and those whose PTSD arises from other causes. When the legislature enacts this kind of law, courts must identify the legislature’s reasons for treating the two groups differently, and evaluate those reasons against the importance of treating the two groups equally-
Our supreme court has enunciated a three-part test for performing this analysis.[1] But with respect to mitigator (d)(20)(B), the real question is whether the goals of sentencing and the policies of the criminal law justify the legislature’s distinction between PTSD arising from military service in a combat zone and PTSD arising from other causes.
It appears to me that, for purposes of assessing the blameworthiness of criminal conduct committed by a person who suffers from PTSD, there is no valid distinction between a defendant whose PTSD arises from military service in a combat zone and a defendant whose PTSD arises from other causes.

. See Alaska Pacific Assurance Co. v. Brown, 687 P.2d 264, 269-270 (Alaska 1984).